UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                           :
UNITED STATES OF AMERICA                                   :
                                                           :
            - v. -                                         :
                                                           :          17 Cr. 077 (WHP)
LUIS DIAZ, JR., and                                        :
LUIS JAVIER DIAZ,                                          :
                                                           :
                    Defendants.                            :
                                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x


**THE PARTIES' JOINT PROPOSED REQUESTS TO CHARGE**




                                        JOON H. KIM
                                        Acting United States Attorney
                                        Southern District of New York
                                        Attorney for the United States of America


Edward B. Diskant
Daniel M. Tracer
Benet J. Kearney
Assistant United States Attorneys
        - *Of Counsel* -

## **TABLE OF CONTENTS**

**Request No.**                                                                                           **Page**

1.  General Requests ....................................................................................... 4

2.  Summary of Indictment .............................................................................. 5

3.  Conspiracy and Substantive Counts............................................................ 7

4.  Count One:  Conspiracy to Operate an Unlicensed Money Transmitting Business

    Elements of the Offense ............................................................................. 8

5.  Count One: Existence of the Conspiracy (First Element)................................... 9

6.  Count One: First Element - Object of the Conspiracy Operation of an Unlicensed Money

    Transmitting Business .............................................................................. 11

7.  Membership in the Conspiracy (Second Element) .......................................... 15

8.  Count One: Overt Act (Third Element) ......................................................... 20

9.  Count One: Time Period of the Conspiracy................................................... 22

10. Count One: Liability for Acts and Declarations of Co-Conspirators .............................. 23

11. Count Two: Elements of the Offense............................................................. 24

12. Count Two: Unlicensed Money Transmitting Business (First Element)........................... 25

13. Count Two: Money Transmitting Business (Second Element) ...................................... 26

14. Count Two: Money Transmitting Business (Third Element) ...................................... 27

15. Count Two: Aiding and Abetting ................................................................. 28

16. Count Three: Elements of the Offense........................................................... 31

17. Count Three: Existence of the Conspiracy (Element One)................................. 32

18. Count Three: Membership in the Conspiracy .................................................. 35

19. Count Three: Overt Act .............................................................................. 36

i

20. Count Four: International Money Laundering ................................................................. 37

21. Count Four: International Money Laundering (First Element) ........................................ 38

22. Count Four: International Money Laundering (Second Element) ................................... 40

23. Venue ........................................................................................................................ 41

24. Particular Investigative Techniques Not Required ...................................................... 42

25. Stipulations ................................................................................................................ 43

26. Charts and Summaries ............................................................................................... 44

27. Used of Evidence Obtained Pursuant to Searches ...................................................... 45

28. Testimony of Law Enforcement Officers .................................................................... 46

29. Preparation of Witnesses ........................................................................................... 47

30. Expert Witnesses ....................................................................................................... 48

31. Persons Not On Trial .................................................................................................. 49

32. Uncalled Witnesses—Equally Available .................................................................... 50

33. Proof of Motive Not Required .................................................................................... 51

34. Defendant's Testimony .............................................................................................. 52

35. Defendant's Right Not to Testify ............................................................................... 53

36. Conclusion ................................................................................................................. 54

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                    :
    UNITED STATES OF AMERICA                         :
                                                    :
            - v. -                                   :
                                                    :        17 Cr. 077 (WHP)
    LUIS DIAZ, JR., and                              :
    LUIS JAVIER DIAZ,                                :
                                                    :
                    Defendants.                      :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x


## THE PARTIES' JOINT REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the parties respectfully

request that the Court include the following in its instructions to the jury.  Instructions included

in **bold** reflect proposals that are requested by the Government and objected to by the

Defendants.  Underlined instructions reflect proposals that are requested by the defendants and

objected to by the Government.

3

## REQUEST NO. 1.

### General Requests

The parties respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.  Function of Court and Jury

b.  Indictment not Evidence

c.  Statements of Court and Counsel not Evidence

d.  Burden of Proof and Presumption of Innocence

e.  Reasonable Doubt

f.  Inferences

g.  Definitions and Examples of Direct and Circumstantial Evidence

h.  Credibility of Witnesses

i.  Interest in Outcome

j.  Right to See Exhibits and Have Testimony Read During Deliberations

k.  Government Treated Like Any Other Party

l.  Consider Each Defendant Separately

m.  Multiple Counts, Multiple Defendants

n.  Sympathy:  Oath as Jurors

o.  Punishment Is Not to Be Considered by the Jury

p.  Verdict of Guilt or Innocence Must be Unanimous

## REQUEST NO. 2.

### Summary of Indictment

The Indictment charges LUIS DIAZ, JR., and LUIS JAVIER DIAZ, the defendants, with one count of conspiracy to operate an unlicensed money transmitting business; one substantive count of operating an unlicensed money transmitting business; one count of money laundering conspiracy; and one count of international money laundering. The Indictment alleges that the period during which the defendants committed these crimes was from at least in or about 2010 through 2016. I will now briefly describe each count, and then will talk about each one in more detail.

Count One of the Indictment alleges that the defendants conspired – that is, *agreed* – to conduct, control, manage, supervise, direct, or own an unlicensed money transmitting business.

Count Two alleges that the defendants conducted, controlled, managed, supervised, directed, or owned an unlicensed money transmitting business.

Count Three alleges that the defendants conspired – that is, *agreed* – to commit money laundering by conducting financial transactions from inside the United States to outside the United States and from outside the United States to inside the United States in order to promote an unlawful activity, namely their unlicensed money transmitting business.

Count Four alleges that the defendants committed international money laundering by conducting financial transactions from inside the United States to outside the United States and from outside the United States to inside the United States in order to promote their unlicensed money transmitting business.

Counts Two and Four also allege that the defendants aided and abetted the crimes charged in Counts Two and Four.

## REQUEST NO. 3.

### Conspiracy and Substantive Counts

As I have just described, Counts One and Three of the Indictment are conspiracy counts. Counts Two and Four are what are referred to as substantive counts. Unlike the conspiracy counts, which allege agreements to commit certain offenses, the substantive counts are based on the actual commission of the offenses, or aiding and abetting.

A conspiracy to commit a crime is an entirely separate and different offense from the substantive crime which may be the object of the conspiracy. [**Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the object of the conspiracy is not achieved. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.**]

The essence of the crime of conspiracy is an agreement or understanding to violate the law. Thus, if a conspiracy exists, even if it should fail in its purpose to the break the law, the conspiracy is still punishable as a crime. Consequently, in a conspiracy charge there is no need to prove that the crime that was the objective of the conspiracy was actually committed.

By contrast, the substantive counts require proof that the crimes charged were actually committed, but do not require proof of an agreement. Of course, if a defendant both participates in a conspiracy to commit a crime and then actually commits that crime, the defendant may be guilty of both the conspiracy and the substantive crime, as I will instruct you shortly.[1]

---

[1] Adapted from Modern Federal Jury Instructions, Instr. 19-2; *see also United States* v. *Labat*, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the

7

<u>**REQUEST NO. 4.**</u>

**Count One:  Conspiracy to Operate an Unlicensed Money Transmitting Business Elements of the Offense**

Count One of the Indictment charges the defendants with conspiracy to operate an unlicensed money transmitting business.  Specifically:

> [The Court is respectfully requested to read Count One of the Indictment and simultaneously remind the jury that an indictment is not evidence.]

To prove each of the defendants guilty on this count, the Government must prove beyond a reasonable doubt each of the following elements:

*First*, the existence of the conspiracy alleged in Count One.  Did the conspiracy exist? Was there such a conspiracy?

*Second*, the Government must prove beyond a reasonable doubt that the defendant you are considering knowingly and willfully became a member of the conspiracy.

*Third*, the Government must prove that one of the conspirators—not necessarily the defendant you are considering, but any one of the people involved in the conspiracy—knowingly committed at least one overt act in furtherance of the conspiracy.

I will explain the concept of an "overt act" in a few moments, but let us first consider the first two elements in further detail.[2]

---

commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

[2] Adapted from Modern Federal Jury Instructions, Instr. 19-3; *see also United States* v. *Salameh*, 152 F.3d 88, 145 (2d Cir. 1998) (listing the three "well settled" elements of conspiracy).

## REQUEST NO. 5.

### Count One: Existence of the Conspiracy (First Element)

Now, in order to prove the first element—the existence of the conspiracy—the Government must prove beyond a reasonable doubt that two or more people agreed to commit the unlawful act alleged, that is, agreed to operate an unlicensed money transmitting business.

As I instructed you a moment ago, the gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement to violate the law. The success or failure of a conspiracy is not material to the question of guilt or innocence of the conspirator, for a conspiracy is a crime entirely separate and distinct from the substantive crime that may be the goal of the conspiracy. The crime of conspiracy is complete once the unlawful agreement is made.

To establish a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating we agree to violate the law, and setting out the details about how they are going to do that. Your common sense will tell you that when people enter into a criminal conspiracy, much is left to their unexpressed understanding. Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public, nor do they broadcast their plans to the public. From its very nature, a conspiracy is almost always secret, both in its origin and in its execution. It is, therefore, sufficient if the Government proves beyond a reasonable doubt that two or more people arrived at a common understanding, either explicitly or impliedly, to violate the law, in some way or manner.

It is not required that any particular number of people joined together in order for the Government to prove that a conspiracy existed. You need only find that two or more people entered into the unlawful agreement alleged in order for you to find that a conspiracy existed.

In deciding whether the Government has proved the existence of a conspiracy beyond a reasonable doubt, you may consider all the evidence of the acts, conduct and declarations of the alleged conspirators and the reasonable inferences to be drawn from such evidence. In deciding whether the conspiracy charged in Count One existed, you may consider not just what the alleged co-conspirators said, but also their acts and their conduct.  [**The old adage "actions speak louder than words" is applicable here. Sometimes the only evidence available to demonstrate the existence of an agreement to violate the law is evidence about seemingly disconnected acts, which when you consider them in connection with each other, show that an agreement was reached to bring about a particular result. Evidence of this sort can prove the existence of a conspiracy as satisfactorily and conclusively as more direct proof.**]

In short, as far as the first element of the conspiracy is concerned, the Government must prove beyond a reasonable doubt that the defendant you are considering and at least one other alleged conspirator came to a [**mutual understanding**] [agreement], either spoken or unspoken, to violate the law in the manner charged in the Indictment.[3]

---

[3] Adapted from Modern Federal Jury Instructions, Instr. 19-4, and Hon. Colleen McMahon, Jury Charge, *United States* v. *Louis Cherico*, 08 Cr. 786 (S.D.N.Y. 2011).

<u>**REQUEST NO. 6.**</u>

**Count One: First Element - Object of the Conspiracy Operation of an Unlicensed Money Transmitting Business**

As I have just described, the prosecution must prove beyond a reasonable doubt that the defendant you are considering and at least one other alleged conspirator came to a [**mutual understanding**] [<u>agreement</u>], either spoken or unspoken, to accomplish [**or try to accomplish**] a particular illegal goal or objective. This is what the law refers to as the "object" of the conspiracy, and the conspiracy alleged in Count One has, as its object, the operation of an unlicensed money transmitting business and specifically, the operation of an unlicensed money transmitting business through the defendant's company, Miami Equipment.  Accordingly, with respect to each defendant you are considering, you must find that he and at least one other alleged conspirator came to a [**mutual understanding**] [<u>agreement</u>], either spoken or unspoken, to operate an unlicensed money transmitting business.

"Operate" in this context means conduct, control, manage, supervise, direct, or own all or part of an unlicensed money transmitting business. The Government need not prove that the defendant you are considering in fact actually operated an unlicensed transmitting business, only that he intentionally joined a conspiracy knowing that the object of the conspiracy was to conduct, control, manage, supervise, direct, or own all or part of an unlicensed money transmitting business.[4]

Let me now instruct you on the meaning of the phrase operation of an unlicensed money transmission business.

---

[4] Adapted from Modern Federal Jury Instructions, Instr. 50A-07 & 50A-35, 18 U.S.C. § 1960(a).

11

<u>Money Transmitting Business</u>

A "money transmitting business" is a business which, for a fee, accepts funds for transfer within or outside the United States [, **including**] [.  The term "money transmitting" includes] transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier.

A "business" is a commercial enterprise which is regularly carried on for profit. Thus, a single isolated transmission of money is not a business under this definition. However, a business need not have a physical storefront, be formally incorporated, or otherwise operate in a conventional manner in order to be a money transmitting business. [**Any person or entity that transfers funds in exchange for a commission or fee, including on behalf of the public, by any means, qualifies as a money transmitting business, regardless of how the business is run or organized.**] There is also no requirement under the law that the business exist solely for the purpose of engaging in money transmitting.[5]

<u>"Unlicensed"</u>

[**The money transmitting business must also be unlicensed. If you find that the defendant you are considering operated a money transmitting business, then I am instructing you as a matter of law that they were required to obtain a license from the state of Florida and to register with the U.S. Department of the Treasury. It is for you to determine whether the money transmitting business was licensed.  However, you only need**

---

[5] Adapted from Modern Federal Jury Instructions, Instr. 50A-34.  *See* 18 U.S.C. § 1960; H.R. REP. 107-250, 54; *see also Mazza-Alaluf*, 607 F. Supp. 2d at 487 (S.D.N.Y. 2009) (Chilean company whose services "were varied, and included the transfer of funds to third parties on behalf of customers" functioned as unlicensed money transmitting business).

to find either that it was not licensed with the State of Florida, or that it was not registered with the US Department of Treasury.  These are alternative ways of satisfying this requirement.[6]

Finally, you do not need to find that the defendant you are considering – or any other member of the conspiracy – was aware that either state or federal law required that the money transmitting business be licensed or registered, respectively.  In other words, the government does not need to prove that the defendant knew the unlicensed money transmission business was illegal.  It is sufficient for you to find that the defendant you are considering knew that the business was operating without a license or without registering.][7]

[To satisfy this requirement, the money transmitting business must be unlicensed. I instruct you that under the laws of the state of Florida, a business which engages in money transmitting must be licensed by the state.  Also, a money transmitting business is required under federal law to register with the U.S. Department of Treasury. You only need to find one, not both, of these alternative ways to satisfy this particular requirement. It is for you to determine whether the money transmitting business was licensed as required.

_____

[6] *See* Modern Federal Jury Instructions, Instr. 50A-34 cmt. ("[T]he question whether a license is required and whether the failure to obtain such a license is criminally punishable are preliminary questions of law for the court. Thus, the recommended instruction asks the jury to determine whether the business was licensed, but not whether a license was required.")

[7] *United States* v. *Elfgeeh*, 515 F.3d 100, 132-33 (2d Cir. 2008) (holding that the Government now "need prove only that the defendant had 'know[ledge]' that the business was 'an unlicensed money transmitting business.'" (quoting 18 U.S.C. § 1960(a), as amended)).

To satisfy this requirement, the government must prove that defendant knew the business was unlicensed. However, the government does not have to prove the defendant knew that state law or Federal law required the business to be licensed.][8]

---

[8] Adapted from Modern Federal Jury Instructions, Instr. 50A-34 ("To satisfy this element, the government must prove that defendant knew that the business was unlicensed. However, the government does not have to prove that defendant knew that state law required the business to be licensed.").

### REQUEST NO. 7.

**Membership in the Conspiracy (Second Element)**

[**If you conclude that the Government has proven beyond a reasonable doubt the existence of the conspiracy charged in Count One, you then have to consider whether the Government has proved the second element of the crime, which is that the defendant you are considering joined the conspiracy, and did so willfully, knowingly and with intent to further its unlawful purpose or objective.**

A defendant can indicate his intent to join a conspiracy in many ways; no particular form of words or type of action is required, as long as it shows his intent, his conscious aim or objective to further the unlawful purpose of the conspiracy.

The Government must prove by evidence of the defendant's own actions and conduct beyond a reasonable doubt that he willfully and knowingly entered into the conspiracy, the agreement, with a criminal intent, that is, with a purpose to violate the law.

### "Willfully" and "Knowingly" Defined

As to this element, the terms "willfully" and "knowingly" mean that you must be satisfied beyond a reasonable doubt that in joining the conspiracy (if you find that the defendant you are considering did join the conspiracy), the defendant you are considering knew what he was doing—that he took the actions in question deliberately and voluntarily.

An act is done "knowingly" and "willfully" if it is done deliberately and purposefully; that is, the defendant's actions must have been his conscious objective rather than the product of a mistake, accident, negligence or inadvertence. It is not necessary that the defendant be fully informed as to all the details of the conspiracy to justify an inference of knowledge on his part.  To have guilty knowledge, the defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants.  It is not even necessary that the defendant know every other member of the conspiracy.  In fact, the defendant may know only one other member of the conspiracy and still be a co-conspirator. Nor is it necessary that the defendant receive any monetary benefit from participating in the conspiracy or have a financial stake in the outcome, so long as he in fact participated in the conspiracy in the manner I have explained.

The duration and extent of a defendant's participation in the conspiracy has no bearing on the issue of a defendant's guilt. The defendant need not have joined the conspiracy at the outset.  The defendant may have joined it for any purpose at any time in its progress, and the defendant will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while the defendant was a member.  Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor roles in the scheme. An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

However, I want to caution you that the mere association of one person with another does not make that person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place.  Mere presence at the scene of a crime, even coupled with

16

knowledge that a crime is taking place, is not sufficient to support a conviction.  In other words, knowledge without participation is not sufficient.  What is necessary is that the defendant have participated in the conspiracy with knowledge of its unlawful purposes and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement — that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that person withdrew and disassociated himself from it.][9]

[The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly, willfully and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant whom you are considering was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy. Did he participate in it with knowledge

_____

[9] Adapted from Modern Federal Jury Instructions, Instr. 19-6; Hon. Colleen McMahon, Jury Charge, *United States* v. *Michael Binday et al.*, 12 Cr. 152 (S.D.N.Y. 2013). Hon. Leonard B. Sand, Jury Charge, *United States* v. *Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).

of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor which you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences which may be drawn from them.

The defendant's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities. Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part. Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some

conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.]

## REQUEST NO. 8.

### Count One: Overt Act (Third Element)

The third element the Government must prove beyond a reasonable doubt for Count One is that at least one of the conspirators committed at least one overt act in furtherance of the conspiracy. The overt act element is a requirement that the agreement went beyond the mere talking stage, that one or more actual steps was taken in furtherance of the conspiracy's illegal object.

You need not find that each and every member of the conspiracy committed or participated in the overt act, or that the defendant you are considering personally did so; it is enough to find that one overt act was committed by one participant in the conspiracy.

For the Government to satisfy the overt act requirement, it is not necessary for the Government to prove all of the overt acts alleged in the Indictment or even any of the overt acts contained in the Indictment.  Indeed, you may find that overt acts were committed that were not alleged at all in the Indictment.  It is sufficient for the Government to show that the defendant or one of his alleged co-conspirators knowingly committed an overt act – whether specifically charged in the Indictment or not – in furtherance of the conspiracy. You must be unanimous on at least one such overt act.

The overt act must have been knowingly done by at least one conspirator in furtherance of some unlawful object of the conspiracy. In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act.  You are therefore instructed that the overt

act does not have to be an act which in and of itself is criminal or constitutes an objective of the

conspiracy.[10]

---

[10] Adapted from Modern Federal Jury Instructions, Instrs. 19-7, 19-8; *see also Braverman* v. *United States*, 317 U.S. 49, 53 (1942) (overt act "may be that of only a single one of the conspirators and need not be itself a crime").

## <u>REQUEST NO. 9.</u>

### Count One: Time Period of the Conspiracy

The Indictment alleges that the conspiracy occurred from at least in or about 2010 through in or around 2016.  It is not necessary that the Government prove that the conspiracy started or ended on any particular date so long as it proves beyond a reasonable doubt that the conspiracy was formed and existed at some point during the period alleged in the Indictment.[11]

---

[11] Adapted from Modern Federal Jury Instructions, Instrs. 3-12.

## REQUEST NO. 10.

### Count One: Liability for Acts and Declarations of Co-Conspirators

I now want to talk with you about your ability to consider the acts and statements of co-conspirators in evaluating the evidence against each of the defendants with respect to Count One.

When people enter into a conspiracy, each and every member of the conspiracy becomes an agent for the others in carrying out the conspiracy. Accordingly, any reasonably foreseeable act, statement, or omission by any member of the conspiracy, undertaken in furtherance of the conspiracy, is deemed, under the law, to be attributable all of the other members of the conspiracy, and all of the members are responsible for such acts, statements and omissions.

If you find beyond a reasonable doubt that the defendant you are considering was a member of the conspiracy charged in Count One, then any acts, statements, or omissions by other persons you find were part of the conspiracy may be considered against him, to the extent that those acts, statements, or omissions were done in furtherance of the conspiracy. This is so even if such acts, statements, or omissions occurred in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of each of the defendant's guilt on Count One, you must first determine that the acts and statements were made during the existence, and in furtherance, of the conspiracy. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against the defendant you are considering.[12]

---

[12] Adapted from Modern Federal Jury Instructions, Instrs. 19-9.

## REQUEST NO. 11.

### Count Two: Elements of the Offense

We turn now to Count Two. Whereas Count One charge the defendant with conspiracy to conduct an unlicensed money transmitting business, Count Two charges the substantive offense of conducting an unlicensed money transmitting business. Count Two charges that the defendants conducted, controlled, managed, supervised, directed, or owned all or part of an unlicensed money transmitting business, through their company Miami Equipment. Specifically:

[The Court is respectfully requested to read Count Two of the Indictment and simultaneously remind the jury that an indictment is not evidence.]

To prove each defendant guilty of this crime, the Government must establish three elements beyond a reasonable doubt.  The three elements are:

*First*, that Miami Equipment [**was used**] [was operated] as an unlicensed money transmitting business.

*Second*, that the defendant you are considering [**knowingly**] controlled, conducted, managed, supervised, directed, or owned all or part of [**Miami Equipment as a money transmitting business**] [Miami Equipment knowing it was operated as a money transmitting business]; and

*Third*, that [**operation of the money transmitting business**] [Miami Equipment operated as a money transmitting business that] affected interstate or foreign commerce.[13]

---

[13] Adapted from Modern Federal Jury Instruction No. 50A-33; *see also United States* v. *Mazza-Alaluf*, 607 F. Supp. 2d 484, 489 (S.D.N.Y. 2009), *aff'd*, 621 F.3d 205 (2d Cir. 2010) (listing elements for 18 U.S.C. § 1960).

## REQUEST NO. 12.

### Count Two: Unlicensed Money Transmitting Business (First Element)

The first element the Government must prove beyond a reasonable doubt is that Miami Equipment was [**used**] [operated] as an unlicensed money transmitting business.

I have already defined the terms unlicensed money transmitting business for you with respect to Count One and you should apply those definitions to Count Two as well.

**REQUEST NO. 13.**

**Count Two: Money Transmitting Business (Second Element)**

If you find that Miami Equipment [**was used**] [was operated] as an unlicensed money transmitting business, you must next determine whether the defendant you are considering knowingly controlled, conducted, managed, supervised, directed, or owned all or part of Miami Equipment as an unlicensed money transmitting business. To prove that a defendant knowingly controlled the money transmitting business, the Government must establish beyond a reasonable doubt that the defendant was knowingly involved in the management of the business and was not merely an employee or consultant of the money transmitting business. Conduct is knowing when it is done voluntarily and intentionally and not because of accident, mistake, or some other innocent reason.[14]

---

[14] Adapted from Modern Federal Jury Instructions, Instrs. 50A-35.

## REQUEST NO. 14.

### Count Two: Money Transmitting Business (Third Element)

The third element the Government must establish beyond a reasonable doubt is that the

[**operation of the unlicensed money transmitting business**] [Miami Equipment was operated

as an unlicensed money transmitting business that] affected interstate or foreign commerce.

Interstate or foreign commerce simply means the movement of goods, services, money or

individuals between states or between the United States and a foreign country. It includes any

transmission, transfer or transportation of funds or goods between one state or country and

another, or communications between persons located in one state or country and another state or

country, regardless of whether done for a business purpose or otherwise. Any effect on interstate

or foreign commerce is sufficient to satisfy this element, no matter how minimal.

You do not have to decide whether the effect on interstate or foreign commerce was harmful or

beneficial to a particular business or to commerce in general. The Government satisfies its

burden of proving an effect on interstate or foreign commerce if it proves beyond a reasonable

doubt any effect, whether it was harmful or not.

In addition, it is not necessary for the Government to show that the defendant actually

intended or anticipated an effect on interstate or foreign commerce by his actions or that

commerce was actually affected. All that is necessary is that the natural and probable

consequences of the acts the defendant agreed to take would affect interstate or foreign

commerce.[15]

---

[15] Adapted from Modern Federal Jury Instructions, Instrs. 50A-36 and 50A-3; *United States* v. *Leslie*, 103 F.3d 1093, 1100-01 (2d Cir. 1997).

## **REQUEST NO. 15.**

### **Count Two: Aiding and Abetting**

Now, in addition to charging each defendant with operating an unlicensed money transmitting business, Count Two of the Indictment also charges each defendant with what is called aiding and abetting.

Aiding and abetting liability is its own theory of criminal liability. A defendant can be convicted of committing a crime if he, though not himself committing the crime, willfully and knowingly helps someone else to commit the crime.  If the Government proves beyond a reasonable doubt that the defendant personally committed the unlicensed money transmitting offense alleged in Count Two, then you need not consider aiding and abetting with respect to that count.  You will just find the defendant guilty and move on to the next count.

If, however, you find that the Government did not prove beyond a reasonable doubt that the defendant engaged in the unlicensed money transmitting offense as alleged in Count Two, you [**should**] [may] consider whether the Government has nonetheless proved beyond a reasonable doubt that the defendant willfully and knowingly aided and abetted someone else in the commission of that offense.

Under the federal aiding and abetting statute, whoever willfully and knowingly "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal.  A person who willfully and knowingly aids and abets another to commit a substantive crime is just as guilty of that crime as if he had personally committed it. You may thus find the defendant you are considering guilty of engaging in unlicensed money transmitting if you find beyond a reasonable doubt that the Government has proven that another person actually

committed the unlicensed money transmitting offense at issue, and that the defendant willfully and knowingly helped or assisted that person in the commission of the offense.

The first requirement of aiding and abetting liability is that somebody else has committed the crime at issue. The defendant cannot be convicted of aiding and abetting if nobody committed the underlying crime. So that if you find that nobody committed a crime, you should find the defendant not guilty of that offense. But if you do find that the underlying crime at issue was committed by someone other than the defendant, you should consider whether the defendant willfully and knowingly aided or abetted the person who actually committed the offense.

To aid and abet another to commit a crime, the defendant must have willfully and knowingly associated himself in some way with the crime, and he must have willfully and knowingly [**sought**] [participated] by some act to help make the crime succeed.

The mere presence of the defendant in a place where a crime is being committed, even coupled with knowledge that a crime is being committed, is not enough to make him an aider and abettor. A defendant's acquiescence in the criminal conduct of others, even with guilty knowledge, is not enough to establish aiding and abetting. An aider and abettor must have his own affirmative interest in the criminal venture.

To determine whether the defendant aided and abetted the commission of the crime, ask yourself these questions:

Did anyone commit the crime alleged in Count Two? If no, please go on to the next count.

If yes, did the defendant knowingly participate in that crime charged as something that he wished to bring about?

Did he associate himself with the unlicensed money transmitting offense being committed by other people knowingly and willfully?

Did he knowingly and willfully seek by his actions to make their criminal venture succeed?

If so, he is an aider and abettor, and therefore he is guilty of the offense. If not, then he is not an aider and abettor, and you should find him not guilty of the offense.[16]

---

[16] Adapted from, Modern Federal Jury Instructions, Instr. 11-2, and Hon. Colleen McMahon, Jury Charge, *United States* v. *Louis Cherico*, 08 Cr. 786 (S.D.N.Y. 2011).

**REQUEST NO. 16.**

**Count Three: Elements of the Offense**

Count Three charges the defendant with conspiracy to engage in money laundering. Specifically:

> [The Court is respectfully requested to read Count Three of the Indictment and simultaneously remind the jury that an indictment is not evidence.]

Conspiracy to engage in money laundering has the same first two elements as Count One, namely, *first*, the existence of the conspiracy, and, *second*, that the defendant you are considering knowingly and willfully became a member of the conspiracy. Accordingly, except for certain differences I will explain to you in a moment, you should follow the instructions I have previously provided to you about conspiracies in connection with Count One.

The conspiracy charged in Count Three has a different object or criminal goal than the object of the conspiracy charged in Count One. The conspiracy alleged in Count Three has as its object the [unlawful] transportation, transmission or transfer of a monetary instrument or funds from a place in the United States to, or through, a place outside of the United States, or the transportation, transmission or transfer of a monetary instrument or funds to place in the United States to or through a place outside of the United States, and in furtherance of the unlicensed money transmitting business crimes charged in Counts One and Two.

## REQUEST NO. 17.

### Count Three: Existence of the Conspiracy (Element One)

The first element the Government must prove beyond a reasonable doubt with respect to Count Three is the existence of the conspiracy, that is that the defendant you are considering agreed with at least one other person to commit the unlawful act alleged, that is, agreed to engage in international money laundering.

I have already instructed you with respect to Count One on the meaning of a conspiracy, and those instructions apply with equal force here.

The object of the conspiracy charged in Count Three is international money laundering. Specifically, with respect to each defendant you are considering, you must find that he and at least one other alleged conspirator came to [**a mutual understanding**] [an agreement], either spoken or unspoken, to (1) [unlawfully] transport, transmit or transfer a monetary instrument or funds, (2) from a place in the United States to, or through, a place outside of the United States, or to place in the United States from or through a place outside of the United States, and (3) that they did so in furtherance of the unlicensed money transmitting business offenses charged in Counts One and Two.

I'll explain each of those parts of the object of Count Three to you separately:

Transportation, Transmission, or Transfer of a Monetary Instrument or Funds

The first part of the object alleged in Count Three which the government must prove beyond a reasonable doubt is that the defendant you are considering agreed with at least one other person to [unlawfully] transport or attempt to transport a monetary instrument or funds from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States.

32

The term "monetary instrument" means coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, money orders, investment securities in bearer form or otherwise in such form that title thereto passes upon delivery, and negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.

The term "funds" refers to money or negotiable paper which can be converted into currency.

The terms "transport," "transmit" and "transfer" are not words that require additional definition – they have here their ordinary, everyday meaning.  In this respect, however, let me note that the government need not prove that the object of the conspiracy entailed physically carrying or moving the funds or monetary instruments. All that is required is proof that the object or aim of the conspiracy alleged in Count Three was to cause the funds or monetary instrument to be transported, transmitted or transferred.

<u>International Movement</u>

The second part of the object of Count Three that the government must also prove beyond a reasonable doubt is that object of the conspiracy was for the funds or monetary instruments to be [unlawfully] transported, transferred, or transmitted either:

(1) From somewhere in the United States to or through someplace outside the United States, or

(2) To someplace in the United States from or through someplace outside the United States.

Let me note that these are alternatives, and Government need only prove beyond a reasonable doubt that the object of the conspiracy charged in Count Three was to [unlawfully]

transport, transfer or transmit funds or monetary instruments in one of these ways in order to satisfy its burden on this issue.

In determining whether funds were moved in this fashion you may consider a series of transactions as one continuing transaction so long as they are close in time and clearly related.

<u>Intent to Promote Specified Unlawful Activity</u>

Finally, the third part of the object of the conspiracy alleged in Count Three is that the international transportation, transmission, or transfer of funds or monetary instruments also be for the purpose of promoting, [**facilitating or assisting**] the carrying on of the unlicensed money transmission business offenses charged in Counts One and Two. I've already instructed you fully on both of those Counts.   The term[**s**] promoting, [**facilitating and assisting**] the carrying on of do[**es**] not require further definition – as used here, [**they have their**] [it has its] ordinary, everyday meaning.

Therefore, if you find that the Government has proved beyond a reasonable doubt that the defendant you are considering and at least one other person willfully and knowingly agreed to engage in the [unlawful] transportation, transmission or transfer of funds either from somewhere in the United States to or through someplace outside the United States, or to someplace in the United States from or through someplace outside the United States, and for the purpose of promoting, [**facilitating or assisting**] the carrying on of the unlicensed money transmitting offense charged in Counts One and Two, then this first element of Count Three is satisfied.[17]

---

[17] Adapted from Modern Federal Jury Instructions, Instr. 50A-14 ("To act intentionally means to act deliberately and purposefully, not by mistake or accident, with the purpose of promoting, facilitating or assisting the carrying on of [the specified crime].").

## REQUEST NO. 18.

### Count Three: Membership in the Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt the existence of the conspiracy charged in Count Three, you then have to consider whether the Government has proved the second element of the crime, which is that the defendant you are considering joined the conspiracy, and did so willfully, knowingly and with intent to further its unlawful purpose or objective.

I have already instructed you, with respect to Count One, on this element and, in particular, on the meaning of the terms "willfully" and "knowingly." Those definitions apply with equal force here.

To meet its burden of proving that the defendant you are considering joined the conspiracy as to Count Three, the Government must prove beyond a reasonable doubt that the defendant you are considering willfully and knowingly joined the conspiracy charged in Count Three with a criminal intent, that is, with a purpose to violate the law.

**REQUEST NO. 19.**

**Count Three: Overt Act**

Finally – and unlike the conspiracy alleged in Count One, there is no requirement with respect to Count Three that the Government prove the commission of any overt act in furtherance of the conspiracy. It is sufficient for you to find, consistent with the instructions I have just provided you, that: (1) that the conspiracy alleged in Count Three existed, and (2) that the defendant you are considering knowingly and willfully became a member of that conspiracy.[18]

---

[18] *Whitfield* v. *United States*, 543 U.S. 209, 214 (2005) ("Because the text of § 1956(h) does not expressly make the commission of an overt act an element of the conspiracy offense, the Government need not prove an overt act to obtain a conviction.").

**REQUEST NO. 20.**

**Count Four: International Money Laundering**

Count Four charges the defendants with international money laundering. Specifically:

> [The Court is respectfully requested to read Count Four of the Indictment and simultaneously remind the jury that an indictment is not evidence.]

To prove each defendant guilty of this crime, the Government must establish the following elements beyond a reasonable doubt.

*First*, that the defendant you are considering [unlawfully] transported, transmitted, or transferred or attempted to transport, transmit or transfer funds or monetary instruments; from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States; and

*Second*, that the defendant you are considering did so with the intent to promote the carrying on of specified unlawful activity; to wit, operation of an unlicensed money transmitting business.[19]

---

[19] Adapted from Modern Federal Jury Instruction, 50A-12; *see* 18 U.S.C. 1956(a)(2)(A).

**REQUEST NO. 21.**

**Count Four: International Money Laundering (First Element)**

The first element which the government must prove beyond a reasonable doubt is that the defendant you are considering transported or attempted to transport a monetary instrument or funds from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States.  I've already instructed you on the terms "monetary instrument" and "funds" in connection with Count Three, and those instructions apply with equal force here.

The terms "transport," "transmit" and "transfer," as I've already told you, are not words that require additional definition – they have here their ordinary, everyday meaning. In this respect, as I've previously told you, the government need not prove that the defendant you are considering physically carried the funds or monetary instruments in order to prove that he is responsible for transporting, transmitting or transferring it. All that is required is proof that the defendant you are considering caused the funds or monetary instrument to be transported, transmitted or transferred.

Finally, to satisfy this element, the government must also prove that the funds or monetary instruments were [unlawfully] transported, transmitted or transferred either:

(1) From somewhere in the United States to or through someplace outside the United States, or

(2) To someplace in the United States from or through someplace outside the United States.

Once again, these are alternative methods of committing the offense charged in Count Four, and the Government need prove only one of these two types of money movements beyond a reasonable doubt in order for you to find the defendant you are considering guilty of Count

Four. By contrast, if the Government fails to prove either of these methods beyond a reasonable doubt, you must find the defendant you are considering not guilty as to Count Four.

In determining whether funds were moved in this fashion you may consider a series of transactions as on continuing transaction so long as they are close in time and clearly related.[20]

---

[20] Adapted from Modern Federal Jury Instruction, 50A-13; *see also United States* v. *Harris*, 79 F.3d 223, 231 (2d Cir. 1996) (wire transfer from New York to Connecticut followed almost immediately by transfer from Connecticut overseas was one continuous money laundering transaction).

**REQUEST NO. 22.**

**Count Four: International Money Laundering (Second Element)**

The second element which the government must prove beyond a reasonable doubt is that the defendant you are considering acted willfully and knowingly and with intent to promote the carrying on of specified unlawful activity, namely the operation of an unlicensed money transmission business as charged in Counts One and Two.

To act intentionally means to act deliberately and purposefully, not by mistake or accident, with the purpose of promoting, [**facilitating or assisting**] the carrying on of the unlicensed money transmission business. And as I've already told you, the term[**s**] promoting, [**facilitating or assisting**] the carrying on of require[**s**] no additional definition – as used here, [**they have their**] [it has its] ordinary, everyday meaning.

Accordingly, if you find that the defendant you are considering acted with the intention or deliberate purpose of promoting, [**facilitating, or assisting**] in the carrying on of the unlicensed money transmission business, then the third element is satisfied.[21]

Each defendant is also charged with aiding and abetting the money laundering violation alleged in Count Four. In considering whether a defendant aided and abetted the charged conduct you should consider the instructions I gave you earlier about aiding and abetting when I instructed you on Count Two, as they apply with equal force here.  These instructions about aiding and abetting apply only to Counts Two and Four of the Indictment, and not to the conspiracy counts charged in Counts One and Three of the Indictment.

---

[21] Adapted from Modern Federal Jury Instructions, Instr. 50A-14.

**REQUEST NO. 23.**

**Venue**

In addition to all of the elements I have described, with respect to each Count, you must decide whether any act in furtherance of the crime charged occurred within the Southern District of New York.  The Southern District of New York includes Manhattan, the Bronx, and Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan counties.

To establish this element, the Government need not prove that the crime itself was committed in the Southern District of New York or that the defendant you are considering was ever present here. It is sufficient to satisfy this element if any act intended to further or promote the Count you are considering occurred within this District.  By contrast, if you find that the government his failed to prove that any act in furtherance of the crime occurred within this district then you must acquit the defendant on that Count.

As to the venue requirement, and the venue requirement only, the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime you are considering occurred in the Southern District of New York.[22]

---

[22] Adapted from Modern Federal Jury Instructions, Instr. 3-11; *United States* v. *Piggott*, 175 F.3d 1009 (2d Cir. 1999) ("[T]he government may prove venue by a preponderance of the evidence and need not prove it beyond a reasonable doubt.")

## REQUEST NO. 24.

### Particular Investigative Techniques Not Required

### [*If Applicable*]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were or were not used by law enforcement authorities. There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means. While you are to carefully consider the evidence presented, you are not to speculate as to why they used the techniques they did, or why they did not use other techniques. Law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.[23]

---

[23] Adapted from Modern Federal Jury Instructions, Instr. 4-4. <u>Defendants object to this request in its entirety</u>.

## REQUEST NO. 25.

### Stipulations

You have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  It is for you, however, to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.  It is for you, however, to determine the effect to be given to any stipulated fact.[24]

---

[24] Adapted from Modern Federal Jury Instructions, Instr. 5-6; 5-7.

## REQUEST NO. 26.

### Charts and Summaries

During the course of trial there were charts and summaries shown to you to aid you in considering that evidence.  They are not direct, independent evidence; they are summaries of the evidence.  They are admitted into evidence as aids to you.

In understanding the evidence which you have heard, it is clearly easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you. It is for you to decide whether the charts and summaries correctly present information contained in the testimony and in the exhibits on which they are based.  To the extent that the charts conform with what you determine the underlying evidence to be, you may consider them if you find that they are of assistance to you in analyzing and understanding the evidence.[25]

---

[25] Adapted from Modern Federal Jury Instructions, Instr. 5-12.

## REQUEST NO. 27.

### Used of Evidence Obtained Pursuant to Searches

You have heard testimony about evidence seized in connection with certain searches conducted by law enforcement officers.   Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you.   Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.[26]

---

[26] Adapted from Adapted from the charges of the Honorable Richard M. Berman in *United States* v. *Kamara*, S1 01 Cr. 979 (RMB) (S.D.N.Y. Jan. 8, 2003), and of the Honorable Denny Chin in *United States* v. *Olajide*, 01 Cr. 365 (DC).  Defendants object to this request in its entirety.

## **REQUEST NO. 28.**

### **Testimony of Law Enforcement Officers**

You have heard testimony of a number of law enforcement officers in this case. The fact that a witness may be employed by the Government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than of an ordinary witness.

At the same time, [it is quite legitimate for] defense counsel [**may**] to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.[27]

---

[27] Adapted from Modern Federal Jury Instructions, Instr. 7-16.

## REQUEST NO. 29.

### Preparation of Witnesses

You heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.[28]

---

[28] Adapted from Hon. Michael B. Mukasey, Jury Charge, *United States* v. *Abdul Latif Abdul Salam*, 98 Cr. 208 (S.D.N.Y. 1999).

## REQUEST NO. 30.

### Expert Witnesses

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.[29]

---

[29] Adapted from Modern Federal Jury Instructions, Instr. 7-21.

## REQUEST NO. 31.

### Persons Not On Trial

If you conclude that other persons may have been involved in criminal acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, toward either the Government or the defendant from the fact that those persons are not named as defendants in this Indictment or are not present at this trial.

In addition, you should not speculate as to the reasons that individuals are not defendants in this trial. Those matters are wholly outside your concern and have no bearing on your function as jurors in this trial.[30]

---

[30] Adapted from the charge of the Honorable Michael B. Mukasey in *United States* v. *Bello*, 91 Cr. 571 (MBM) (S.D.N.Y.), *aff'd*, 990 F.2d 622 (2d Cir. 1993), and the charge of the Honorable Louis L. Stanton in *United States* v. *Nguyen*, 94 Cr. 541 (LLS) (1995). Defendants object to this request in its entirety

**REQUEST NO. 32.**

**Uncalled Witnesses—Equally Available**

**[*If Applicable*]**

There are several people whose names you have heard during the course of the trial but who did not appear here to testify.  One or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.[31]

---

[31] Adapted from Modern Federal Jury Instructions, Instr. 6-7.  <u>The defendants object to this request in its entirety</u>.

## REQUEST NO. 33

### Proof of Motive Not Required

### [*If Applicable*]

Proof of motive is not a necessary element of any of the crimes with which the defendant is charged.  Proof of motive does not establish guilt, nor does the lack of proof of motive establish that the defendant is not guilty.  If the guilt of the defendant you are considering is shown beyond a reasonable doubt, it is immaterial what defendant's the motive for the crime or crimes may be, or whether the defendant's motive was shown at all.  The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of  the defendant.[32]

---

[32] Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-18, and from the charge of the Hon. Deborah A. Batts in <u>United States</u> v. <u>Gupta,</u> 07 Cr. 177 (S.D.N.Y. 2008).  <u>Defendants object to this request in its entirety</u>.

## REQUEST NO. 34.

### Defendant's Testimony

### [*Requested only if the defendant testifies*]

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent. In this case, the defendant did testify and he was subject to cross-examination like any other witness. You should examine and evaluate the testimony just as you would the testimony of any [other] witness [**with an interest in the outcome of the case**].[33]

---

[33] *See United States* v. *Gaines*, 457 F.3d 238, 249 & n.9 (2d Cir. 2006).

**REQUEST NO. 35.**

**Defendant's Right Not to Testify**

**[*If requested by defense*]**

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.[34]

---

[34] Adapted from Modern Federal Jury Instructions, Instr. 5-21.

## **REQUEST NO. 36.**

### **Conclusion**

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of the defendant with respect to each count of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law.  Under your oath as jurors, you are not to be swayed by sympathy.  You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result.  Both sides are entitled to a fair trial.  You are to make a fair and impartial decision so that you come to a just verdict.

\* \* \*

In submitting these requests to charge, the parties reserve the right to submit additional or modified requests at or near the close of evidence.

Dated:  New York, New York
        October 20, 2017

                                        Respectfully submitted,

                                        JOON H. KIM
                                        Acting United States Attorney


                        By:     _____/s/_____
                                        Edward B. Diskant
                                        Daniel M. Tracer
                                        Benet J. Kearney
                                        Assistant United States Attorneys
                                        (212) 637-2294/2329/2260


                                        LUIS DIAZ, JR.


                        By:     _____/s/_____
                                        George Vila, Esq.
                                        Vincent Flynn, Esq.
                                        Counsel for Luis Diaz, Jr.


                                        LUIS JAVIER DIAZ


                        By:     _____/s/_____
                                        Jose Quinon, Esq.
                                        Counsel for Luis Javier Diaz